```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


ERIKA BROWN                       :
2235 First Street, NE             :
Washington, D.C. 20001            :
                                  :
     AND                          :
                                  :
BROWN AND BROWN PROPERTIES,       :
     LLC                          :
2235 First Street, NE             :
Washington, D.C. 20001,           :
                                  :
          Plaintiffs              :
                                  :
     v.                           :     Civil Action _____
                                  :
DISTRICT OF COLUMBIA,             :
A Municipal Corporation           :
441 4th Street, NW                :
Washington, D.C. 20001            :
SERVE:  Mayor & Office of the     :
     Attorney General or their:
     Designated Individuals       :
                                  :
     AND                          :
                                  :
DISTRICT TLC TRUST 1996           :
c/o STRATEGIC LIEN ACQUISITIONS   :
1450 Center Park Blvd.            :
Suite 325                         :
West Palm Beach, FL 33401         :
SERVE: DONALD R. DINAN            :
     Registered Agent             :
     1120 20TH Street, NW         :
     #700-North                   :
     Washington, D.C. 20036,      :
                                  :
          Defendants              :
```

C O M P L A I N T
(Claims for damages due to constitutional and civil rights violations-demolition of private property without notice)

STATEMENT OF THE CASE

This is a civil case involving claims for monetary damages due to the complete demolition of improvements to real estate, i.e., a multi-unit, multi-story apartment building located at 5004 D Street, SE, Washington, D.C. ("D Street"), by the defendant District of Columbia ("DC"), one (1) month after DC's agent, District TLC Trust 1996 ("TRUST"), sold the property to plaintiff Brown and Brown Properties, LLC ("Properties" or "Plaintiff"). Neither DC nor its agent TRUST provided any notice to, or opportunity to be heard by, the purchaser, Properties, at any time. As a result, plaintiff and Erika Brown ("Brown"), the guarantor of Properties, have been deprived of substantial property in violation of their constitutional and statutory rights.

I.   JURISDICTION

1.   Jurisdiction is conferred upon this Honorable Court by Article III, Section 1 of the U.S. Constitution and 28 U. S. C. §§1331 and 1343.  This action arises under the Fourth and Fifth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U. S.C. §1983, as more fully set forth below.

2.   Venue is properly established in this judicial district pursuant to the provisions of 28 U. S.C. §1391(b).

I.     PARTIES

3.     The plaintiff Erika Brown ("Brown") is a citizen of the United States and maintains an office at 2235 First Street, NE, in Washington, D.C., is the sole owner of the business identified as Brown and Brown Properties, LLC. ("Properties") and was the personal guarantor for all relevant financial transactions involved with this case.

4. The plaintiff Brown and Brown Properties, LLC ("Properties" or "Plaintiff"), is a limited liability company organized under, and in legal existence in, the District of Columbia, and operates for the purposes of owning and developing real estate for investment and income, and maintains a place of business at 2235 First Street, NE, in Washington, D.C.

5.     Defendant District of Columbia ("DC") is a municipal corporation and owned the property involved here before the Plaintiff and acted, under color of its local law, through its employees, agencies and agents at all relevant times in its demolition of the property.

6.     Defendant District TLC Trust 1996 ("TRUST") was the agent for defendant DC in these matters and, upon information and belief, is a Delaware trust.  Defendant TRUST acquired various tax liens from defendant DC and, in turn, sold or disposed of property on which those tax liens existed for the benefit of defendant DC.  Upon further information and belief, Strategic Lien Acquisitions is the successor in interest to Breen Capital Services, Corp., the former servicer for defendant TRUST, and currently is the servicer for defendant TRUST.

I.     FACTS

7.     Prior to April 15, 2002, the improvements at 5004 D Street, SE, Washington, D.C., Square 5322 Lot 0032 ("D Street") consisted of a multi-unit, multi-story brick apartment building.

8.     On or about October 1, 1996, defendant DC assigned tax liens on D Street to defendant TRUST which resulted from the failure to pay property taxes by East Benning Corporation ("East Benning"), the property owner then.

9.     On or about June 15, 1999, the Honorable Richard J. Levie, of the District of Columbia Superior Court, in civil case 99-416 (RP), ordered that East Benning's equity in, and right of redemption to, D Street be foreclosed and that defendant TRUST had the sole right to be issued a tax deed for the property.

10. On or about May 25, 2000, defendants DC and TRUST agreed that DC would execute a deed to D Street in favor of defendant TRUST.

11. On August 15, 2000, defendant DC, by its agents, issued a Notice of Condemnation of the D Street property, but did not provide any notice of it to Plaintiffs, nor record this notice at the Recorder of Deeds.

12. On or about September 20, 2000, defendant DC, by its agents, issued a Final Notice of Condemnation of the D Street property, but again did not provide any notice to plaintiffs, nor record this Notice at the Recorder of Deeds.

13. On or about February 13, 2001, defendant DC, by the Mayor, issued a deed for D Street to defendant TRUST which was recorded at the Recorder of Deeds on March 2, 2001, document number 2001020727.

14. On or about February 21, 2002, defendant TRUST issued a special warranty deed to Plaintiff Properties for D Street which was recorded at the Recorder of Deeds on March 28, 2002, document number 2002031913.

15. On or about March 13, 2002, plaintiff Properties closed its purchase of D Street, and two (2) additional similar properties, from defendant TRUST with the payment, by a 90% mortgage issued by the Adams National Bank, for a total purchase, and indivisible, price of $246,000.00.

16. The D Street property, in addition to the other two (2) similar properties, provided the collateral for the Adams National Bank mortgage.

17. On or about March 13, 2002, Plaintiffs executed a Purchase Money Deed of Trust and Security Agreement in favor of Adams National Bank providing the D Street property, and the other two (2) similar properties, as collateral for the repayment of the mortgage.

18. Prior to the March 13, 2002 closing, by the terms of their purchase contract, defendant TRUST acquired a title search of D Street, performed by Chicago Tile Insurance Company, specifically for the benefit of Plaintiff Properties.

19. By the terms of the purchase contract, Plaintiff Properties was entitled to terminate the purchase if a title defect appeared in the Chicago Title Insurance Company search.

20. The Chicago Title Insurance Company's title search contained no information about the 2000 condemnation Notice or Order for D Street and did not provide any other indication that defendant DC was planning to raze the building.

21. Plaintiffs purchased the D Street property, and the other two (2) similar properties, intending to renovate, then rent, them to tenants of various incomes.

22. Plaintiffs intended to convert the original acquisition mortgage from Adams National Bank, which had a one (1) year term, into a construction loan in order to be able to renovate the properties.

23. On or about April 15-16, 2002, defendant DC, by its agent, Rodgers Brothers Services, caused the complete demolition of D Street, again without providing any notice to Plaintiffs, but acting under color of law, i.e., D.C. Code §6-910 (2001).

24. On or about May 30, 2002, six (6) weeks <u>after</u> demolition, defendant DC, by its agents, issued a Certificate of Order of Condemnation ("Certificate") for D Street listing the East Benning Corporation as the owner of record. This Certificate was recorded on or about August 7, 2002 at the Recorder of Deeds, document number 2002091669, some four (4) months <u>after</u> defendant DC caused plaintiff's property to be razed.

25. Plaintiff Brown personally guaranteed performance of Plaintiff Properties' payment of the mortgage issued by Adams National Bank to acquire the D Street property.

26. On or about October 24, 2002, Adams National Bank informed Plaintiffs that the mortgage was in default due to the demolition of the D Street property.

27. As a direct result of the default notice by Adams National Bank, the plaintiffs incurred substantial additional expenses attempting to re-finance the acquisition mortgage.

28. Defendants DC and TRUST never provided any notice to Plaintiffs about the intended demolition of the D Street property.

29. Defendant DC attempted to provide notice of its intended demolition of the D Street property to solely to East Benning.

30. None of the notices provided by defendant DC to East Benning was actually received by that corporation or any of its officers, directors or agents and none was mailed by return receipt requested mail, as required by D.C. Code §6-910(2001).

31. Defendant DC first attempted, unsuccessfully, to provide mail notice on September 12, 2000 to East Benning only, and not to defendant TRUST, of its intention to demolish the D Street property no less than 15 months **after** that corporation lost its interest in the property on June 15, 1999.

5

32. Defendant DC provided no notice of its intention to demolish D Street to defendant TRUST as the D Street owner.

33. Defendant TRUST provided no notice of defendant DC's intention to demolish D Street to plaintiffs.

34. When defendant DC made efforts to provide notice of condemnation of D Street to its prior owner, East Benning, it was acting as a person under color of law, D.C. Code §6-901, et seq. (2001), regulations, custom and usage of the District of Columbia.

35. Between the September, 2000 Notice of Condemnation and the April 15-16, 2002, demolition of D Street, defendant DC made no effort to provide notice of its intention to raze the improvements on that property to Plaintiffs.

36. Since plaintiffs received no notice from the defendant DC or defendant TRUST of the intention to demolish D Street, they were deprived of an opportunity to preserve the D Street property by abating any alleged basis for the demolition.

I.      CLAIMS OF LIABILITY

<u>Unlawful Taking of Property Without Just Compensation in Violation of the Fifth Amendment to the United States Constitution</u>

37. Plaintiffs adopt and incorporate by reference the statements of paragraphs 1 through and including 36 of this Complaint.

38. The demolition of the improvements on D Street, i.e., the multi-unit brick apartment building, caused by defendants DC and TRUST, constituted an unlawful taking of property from the Plaintiffs without just compensation in violation of the Fifth Amendment to the United States Constitution, as it applies to the sovereign, the District of Columbia.

<u>Unlawful Denial of Due Process of Law in violation of the Fifth Amendment to the United States Constitution</u>

39. Plaintiffs adopt and incorporate by reference the statements of paragraphs 1 through and including 38 of this Complaint.

40. The demolition of the improvements on D Street, i.e., the multi-unit brick apartment building, caused by defendants DC and TRUST, constitutes a denial of due process of law by the defendants to Plaintiffs in

violation of the Fifth Amendment to the United States Constitution, as it applies to the sovereign, the District of Columbia.

Violation of Civil Rights

41.     Plaintiffs adopt and incorporate by reference the statements of paragraphs 1 though and including 40 of this Complaint.

40.     The demolition of the improvements on D Street, i.e., the multi-unit brick apartment building, caused by defendants DC and TRUST constitutes a violation of the civil rights of the Plaintiffs by deprivation of their rights to be secure against the seizure of their property by actions of the sovereign, the District of Columbia, in violation of the Fourth Amendment to the United States Constitution, and a deprivation of their right to due process of law before they may be deprived of their property, as guaranteed by the Fifth Amendment to the United States Constitution, in violation of 42 U. S. C. §1983, since the defendants' conduct occurred under color of law, i.e., D.C. Code §6-901, et seq. (2001).

I.     RELIEF REQUESTED

WHEREFORE, plaintiffs pray that this Honorable Court award the following relief against the defendants, jointly and severally:

1.     As compensatory damages against both defendants, the complete reconstruction costs of the improvements, located on the D Street property which were demolished, to the condition they were in immediately prior to that demolition, pursuant to Miles v. District of Columbia, 166 U.S. App. D.C. 235, 510 F.2d 188 (D.C. Cir. 1975); and

2.     As compensatory damages against both defendants, all consequential damages incurred by Plaintiffs resulting from the defendants DC and TRUST causing the demolition of Plaintiffs' property, including the refinancing of the acquisition mortgage due to the default resulting from the demolition of the improvements, the re-zoning costs necessary in order to reconstruct those improvements and all other consequential damages incurred in order to make the Plaintiffs whole; and

  3. An award of all attorney's fees, costs and expenses incurred in pursuing this litigation against both defendants, pursuant to the provisions of 42 U. S. C. § 1988; and

  4. Such further and other relief as appears to this Honorable Court appropriate.

JURY TRIAL DEMAND

  Plaintiff demands a trial by jury pursuant to the provisions of F.R.C.P. 38.

              Respectfully submitted,

              _____
              Gary M. Sidell
              1015 18th Street, NW
              Suite 801
              Washington, D.C. 20036
              202-783-0060
              D.C. Bar No. 961847
              Attorney for Plaintiffs